FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

00 SEP -6 PM 4: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ALETHA BURNS; JUEL ROBERTS, | ) |
| Plaintiffs, | ) |
| vs. | ) CV 00-BU-2459-E |
| AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY; et al., | ) |
| Defendants. | ) |

ENTERED

SEP 0 6 2000

## ORDER

On September 1, 2000, Defendant American General filed a notice of removal. (Doc. 1), removing this case from the Circuit Court of Calhoun County on the basis of diversity jurisdiction. The Court, having reviewed Defendant America General's notice of removal, finds that Defendant's notice of removal does not show that Plaintiffs' claims satisfy the amount-in-controversy jurisdiction requirement; therefore this Court is without subject-matter jurisdiction and the case is due to be remanded to the Circuit Court of Calhoun County.

Federal courts are courts of limited jurisdiction. Therefore, this Court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). The defendant, in such a

18

case, may remove an action from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not **absolutely** clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 502 U.S. 1162, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of Plaintiffs and all "uncertainties' regarding the substantive state law are resolved in favor of Plaintiffs. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Defendant contends that this case meets the amount-in-controversy requirement for the following reason:

> 29. Plaintiffs' Complaint alleges a variety of common law claims and seeks compensatory damages in an amount "not to exceed $60,000" "against *each* defendant . . . jointly, . . ." *See* Complaint at ad damnum clause (*emphasis supplied*). Plaintiffs have sued *nine* defendants, seeking $60,000 from each of those defendants. In the aggregate, Plaintiffs thus seek $540,000 from the defendants in this case.

Doc. 1 (emphasis in original). Defendant's quotation from the complaint does not reflect accurately Plaintiffs' statement of their claim. Plaintiffs' complaint states:

> WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against each defendant, named and fictitious, jointly and severally, for **compensatory damages in an amount not to exceed $60,000**.

Doc. 1, Exh. A (Complaint)(emphasis added). Clearly -- and unambiguously -- Plaintiffs assert that their "compensatory damages" are $60,000 -- not $540,000.

Because Plaintiffs' complaint demands a judgment for a specific amount, Defendant must "prove to a 'legal certainty' that [P]laintiff[s] would not recover less than [$75,000] if [they] prevailed." *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 947 (11th Cir. 2000)(citing *Burns*, 31 F.3d at 1094). "A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." *Burns*, 31 F.3d at 1096. Defendant has offered no proof and does not allege that Plaintiffs' damages exceed $75,000 and/or that they would not recover less than $75,000 if they prevail on their claims. Indeed, Defendant argues only that Plaintiffs' complaint asks for $540,000 in compensatory damages, which it clearly does not.

Based on the foregoing, this Court finds that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. Therefore, the Court ORDERS this action REMANDED to the Circuit Court of Calhoun County, Alabama. Costs taxed against Defendants.

DONE this 6th day of September, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
Northern District of Alabama
Office of the Clerk
Room 140, 1729 5th Avenue North
Birmingham, Alabama 35203
(205) 278-1725

Perry Mathis
Clerk

September 6, 2000

Calhoun County Circuit Court
Ted Hooks, Clerk
Calhoun County Courthouse
25 W. 11th Street
Box 4
Anniston, AL 36201

          Re: Aletha Burns, et al. v. American General Life & Accident Insurance
             Company, et al.
             Civil Action Number: CV-00-BU-2459-E
             Your Case Number: CV-00-600

Dear Mr. Hooks:

      In accordance with the order of this court entered this date, the above-entitled civil action is remanded to your court for further litigation. Enclosed is a certified copy of the order of remand and a certified copy of the docket entries. Please acknowledge receipt on the attached copy of this letter.

                                        Sincerely,

                                        PERRY D. MATHIS, CLERK

                                        By: _____
                                            Shari Norman
                                            Deputy Clerk

PDM:srn
Enclosures